IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 15,028-03






EX PARTE RODNEY GENE ALLEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NUMBER CF-03-7409

IN THE 76TH DISTRICT COURT OF CAMP COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated kidnapping, and punishment was assessed at forty years'
confinement. Applicant did not pursue a direct appeal.

 Applicant contends that trial counsel erroneously advised him that he would not be
required to register as a sex-offender if he pleaded guilty; the trial court failed to admonish
him regarding the consequence of sex offender registration; and he was denied counsel
during his plea.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court does not
hear evidence, the trial court is the appropriate forum. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order an
affidavit from trial counsel Wayne Floyd, or it may order a hearing. In the appropriate case
the trial court may also rely on its personal recollection. The trial court shall also forward
the indictment and any records regarding Applicant's guilty plea and the admonishments
given prior to the acceptance of the plea.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant had to register as a sex-offender, and if Applicant had to register,
whether trial counsel erroneously advised Applicant that he would not be required to register
as a sex-offender if he pleaded guilty, whether Applicant was properly admonished 
regarding the consequence of sex offender registration, and whether Applicant was denied
counsel during his plea. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for
writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 29th DAY OF MARCH, 2006.

EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.